May it please the court. Camila Gomez on behalf of appellant Brian Koering. Mr. Koering is serving a sentence of 26 years and four months for convictions obtained at trial where after the prosecution's conclusion of the case the judge himself said he was having a hard time figuring out the prosecution's jury for assault. For the prosecution proceeded to explain three different juries for assault with a firearm where the jury deliberated for close to six hours, where it sent three different jury notes, and where ultimately it acquitted my client of two out of the six assault convictions, assault counts. I would like to make three points today. One, that the jury, that the trial court's denial of a jury instruction of exhibiting a firearm violated my client's Sixth Amendment right to a jury instruction on his theory of the case, that that constitutional error was not harmless, and that this Court may review my client's claim denoted. May I ask you a question about the State Court of Appeals decision? Yes, Your Honor. It did not expressly address the Sixth Amendment and Fourteenth Amendment U.S. constitutional claims, correct? Correct, Your Honor. Now, we recently had a case come down, I think within the last couple weeks, Johnson v. Williams from the Supreme Court that said that when a state court has not expressly decided the federal constitutional issue that's before it, that creates a rebuttable presumption that it did decide it. In this case, you haven't had a chance to rebut, to – are you familiar with what I'm talking about? Yes, Your Honor. As a matter of fact, we submitted a letter of supplemental authority last week regarding Johnson v. Williams. And what is – how do you – how are you planning to rebut the presumption that the state court decided it, and therefore – because that changes the level of our review. Correct, Your Honor. If I may, our argument is that the presumption, although strong, has already been rebutted. Mr. Koreng presented his constitutional claims to the state court, both at the appellate level on direct appeal and in his petition for direct review to the California Supreme Court. Mr. Koreng clearly stated his – the denial of the trial court's instruction was a violation of the Sixth Amendment right to a trial by jury. And Mr. Koreng cited a federal – a federal case called United States v. UNRUH. Now, that case further develops the constitutional violation. Mr. Koreng repeated that argument in his petition for – for direct review. So the claim was properly before the state court. In denying the claim, the court did not address the federal constitutional violation. Instead, it relied on appellate – on other appellate courts where – other appellate courts which – which refused to analyze my client's claim under the federal constitution. Instead – instead, those courts apply a categorical analysis whether or not the lesser-included offense is a necessary offense, regardless of the evidence adduced at trial. The only other case that the State appellate cites, too, is Peoples v. Burks, where the California Supreme Court has stated – explicitly stated that it was addressing a question of a State constitutional interpretation, unlike the case that Johnson v. Williams dealt with, where, by looking at the – at the opinion, the Supreme Court interpreted that opinion as – as finding that the State court saw itself  as a constitutional question. So our argument is that the State court has not addressed – has not adjudicated our claim on the merits. And, therefore, this court may – Justice Gold, if I could interject a question there. Let's just – I'll assume for a moment that your position on that is accepted, and that the State court didn't address it, and, therefore, we would review it de novo. Correct, Your Honor. Correct? Correct. If that's correct, what's your best case that would say that the theory of defense was interfered with here? Because – at least correct me if I'm wrong, but as I understand it, your client did not ask for a jury instruction on brandishing. Is that right? Actually, Your Honor, if I may, because the jury – or the discussions between the court and trial were not recorded or transcribed, I cannot explicitly point to a statement where jury – where defense counsel actually asked for the instruction. However, based on – Well, but do you have any evidence that you've placed in the record indicating that counsel asked for that instruction? I believe, Your Honor, that the evidence at trial suggests that it was very likely defense counsel actually asked for that instruction. That's not – that doesn't really answer my question. And, you know, do you have any evidence you've put in the record that counsel did ask for that instruction? You know, it could be an affidavit of counsel if you don't have transcript. Because – because Mr. Koren was pro se at the lower level, we weren't able to develop the record besides what is before the court. So we have – we do not have an affidavit by counsel. Okay. Thank you. He – he had trial counsel representing him. He did have trial counsel. He did have appellate counsel. However, he did – Mr. Koren did not file a state petition. And at the district court level, Mr. Counsel was pro se. At the district court level. Right. At the federal district court level. It was only when this court issued certificate of appellability that – that Mr. Koren was assigned counsel. So we have not had a – You're saying he had counsel at the state court. On direct appeal, Your Honor. What about the trial court, state court? He did have counsel, Your Honor. So do you have an affidavit of his trial court counsel from state court saying that he requested this instruction? No, Your Honor, because the matter only was raised on direct appeal as a record based claim. There was no state habeas file in this case. So it was direct appeal. Then Mr. Koren, pro se, filed his federal habeas. Correct, Your Honor. And in those pro se proceedings, he did not get a declaration from this attorney. Correct, Your Honor. Is the attorney alive? Is he around? Is it – would it have been possible to get a declaration? The last time I checked, trial counsel was alive, Your Honor. But I actually tried to check the – to retrieve the exhibits for trial and those – and that record has already been destroyed. The record's been destroyed? Correct, Your Honor. What is there in the record that would show that he was prejudiced by not getting the lesser included instruction to the jury? I think, Your Honor, that trial counsel's closing argument makes a great – the point that my client was prejudiced for the failure to receive that instruction. Trial counsel acknowledged that while there was a gun and while there had been a confrontation – Well, as I recall the evidence, there was two shots fired from a shotgun, a bird shot. Correct. And the victims were injured and the brandishing lesser included offense doesn't leap out at you as a possible explanation of what happened. Actually, Your Honor, if I may, there was only one shot fired. The prosecution actually spoke in his closing. Well, there was a bird shot that scattered and hit both of them. Correct. But there were – there were actually six counts and trial counsel through cross-examination was able to show that the distance between those individuals and my client was such that the jury could conclude that the petitioner lacked the potential of actually inflicting injury on those individuals. So that's why, as to the other people who were not hit, the elements of exhibiting a firearm could have changed the outcome in this case. So the brandishing – see, the theory of your defense or Kering's defense at trial was that he had the gun out and it accidentally went off? Correct, Your Honor. And would that count as brandishing? Yes, Your Honor, because the elements of exhibiting a firearm, of brandishing a firearm, is one, that there is a gun involved or there is a firearm involved and that the gun was exhibited either in a rude manner or during a confrontation. So the client's theory of the case was that while he may have been guilty of exhibiting a firearm, because he lacked the intent to actually willfully inflict force upon the other individuals, he was nonetheless guilty of the assault with a firearm. And the of two out of the six counts which he was charged. Had the instruction been given, defense counsel could have argued to the jury that even though Mr. Kering was guilty of the element of exhibiting a firearm, the situation was – the circumstances were such that he was nonetheless innocent of the assault. But because instruction was not given, trial counsel could not pinpoint to that – to that law to the jury. If I may, unless the Court has any other questions, I would like to reserve my half a minute. You don't really have half a minute, but I'll give you a minute of rebuttal. Your Honor. May it please the Court, Deputy Attorney General Matt Mulford on behalf of the warden. The State's a little perplexed at how there is an issue before this Court regarding the alleged denial of a Sixth Amendment right to a theory of the case issue regarding an instruction. In State court, there was an issue whether there was a Sixth Amendment right regarding the instruction of a lesser-included offense. And the answer is no, because brandishing is not a lesser-included offense of the offense that he was charged with. And the State court said so, and that's an issue of state law. There's a second question as to whether – even if it was, even if brandishing were a lesser-included offense, and it is not, even if it were, are you entitled to instructions on that if you're not facing the death penalty? And the answer to that is no. And that was answered by the State court. It was answered the same way by the magistrate judge, and it was answered the same way by the district court judge. So we have a Sixth Amendment argument that was presented in the State court and was rejected on the merits by the State courts. And we have the same Sixth Amendment argument that was presented in the district court. But the State courts didn't reject it on federal constitutional grounds expressly, correct? Not expressly, but it was raised. And so unless she can overcome the presumption that it was not addressed, well, then it was addressed. We haven't decided that yet, have we? Sixth Amendment argument was presented – a Sixth Amendment argument. We're talking about two separate issues as far as I can tell now. But a Sixth Amendment argument was raised in a brief. It had to do with lesser included offenses. And the State court said there is no lesser included offense. And so that necessarily resolves the Sixth Amendment argument. We get to the district court. They said even if it was, even if the State court was wrong about state law, even if it was a Sixth Amendment argument, it still doesn't matter because this was not a death penalty case. I haven't heard anything suggesting that any part of that analysis is incorrect. Counsel, in their brief, and in this court in the motions panel in granting the certificate of appealability, talks, as far as I can tell, for the first time in any court regarding whether Mr. Coring's theory of the case was violated. But we see no evidence that that aspect of any claim was ever presented in State court. So we've got two different things going on here. One, was a Sixth Amendment issue... The theory of the case in State court, as I understand it, was that the willfulness element of shooting the firearm wasn't present because it went off by accident, right? I don't think it was ever phrased as such in State court. Now that might be the best way of looking backwards and describing how a possible theory of the case argument may have been raised in State court. But that seems to me to be worlds apart from what actually was raised in State court, was rejected in State court, and then was again raised in District court and denied in the District court. So, you know, but if you want to look at Johnson, the new case Johnson, and how you would or might overcome the presumption that the Sixth Amendment case that was, excuse me, the Sixth Amendment issue that was in fact raised in State court may not have been resolved on the merits because the State court inadvertently overlooked that Federal question. Well, Johnson tells us that if it is a fleeting reference to the Sixth Amendment in your State court briefing, that is not good enough to overcome the presumption that the merits are reached. Johnson also tells us, I think this is a slip at page 8, that if the Federal question itself is too insubstantial to merit significant discussion, then that also does not overcome the presumption that the merits are reached. Is Johnson retroactive? I can't remember in reading the decision whether they made it retroactive or not. I don't recall any discussion about whether it would be or not. It applies the rule of Richter, which has been around for several years. Well, it extends the rule of Richter. Respectfully disagree. It says exactly the same thing that Richter said. It's a full reversal. It says what one interpretation of Richter could be. That's why they took that case on cert, because they wanted to clarify that. There was – there's a lot of discussion about what Richter said on that point, with all respect. Otherwise, the Supreme Court would not have needed to decide Johnson v. Williams. Respectfully, Your Honor, Johnson is a full reversal of this Court, taking an extension of Richter that the Supreme Court said went too far. So I think, at minimum, we're left with Richter, and Johnson's new gloss on Richter, whether it's retroactive or not, fully supports that a state court here considered a Sixth Amendment claim, that is, a Sixth Amendment claim regarding lesser included  And that's all we have. Well, does Johnson just relate to whether we review the Sixth Amendment issued de novo as opposed to whether we give deference to the state court? Or does it affect anything else? Johnson does exactly that, but it is limited to the – Then let me just follow that line. Assuming that we said the presumption was rebutted, and we're supposed to review de novo, what's your de novo analysis? No possible error, because it's not a lesser included offense instruction. The defense was not implicated. So really, we don't have to work through the details of Johnson. If we agree with you on that, we don't have to write about what Johnson means to decide this case. Well, respectfully, I think that deferring to the state courts is the appropriate version. It's required, and they haven't overcome the burden of showing so. But if she loses de novo, then she loses. Or, excuse me, if Mr. Coring loses, then he loses. But you can't get there from here when he never raised the claim that she is advancing today in this court in state court. It's a different Sixth Amendment claim. If he raised one, whether he can handle the one that was raised on the merits or not, that one loses. The one she's talking about today was never raised in state court. And it's irrelevant what the state court did, because it wasn't raised. And again, I'm talking about the language regarding a theory of the case. It never came up until the motions panel granted certificate of appeal. You're saying the motions panel created the issue? As far as I can tell, yes. I don't know. Judge Silverman and Graber don't usually go out of their way to create issues. But anyway. It makes two errors. Now, one of them doesn't really matter much in California law, because the motions panel refers to whether the trial court denied appellant's request for adjournance. As we discussed, as came up in the first part of the argument, there is a big issue in the record of this case whether there was a denial of a request at all. So the motions panel is referring to a denial that may not have occurred, and Mr. Coring cannot show that actually happened. And the second thing is regarding jury instructions on his theory of the case. And respectfully, I just do not see that in any of the state court briefing. There's a Sixth Amendment issue, yes. We're all projected on the merits. But it is limited to instructions on lesser included offenses. And objectively speaking, that is a very poor Sixth Amendment argument to raise, unless you are facing the death penalty. It is a different argument than I was deprived jury instructions on my theory of the case. There are just two different claims. One was raised, rejected on the merits. The AEDPA applies. The Johnson v. Williams and Richter presumptions that the merits were reached has not been overcome. It is insubstantial. The references were too fleeting. All right. Now you're repeating yourself. Is there anything else? Nothing else. Okay. Thank you. Your Honor, if I may. Under California law, exhibiting a firearm is a defense to assault with a firearm. Under Matthew v. United States and its progeny, including these four jurisprudence in Clark v. Brown, Condi v. Henry, and Bradley v. Duncan, such a claim is cognizable in habeas. Mr. Koren did raise the claim at the state level. As our reply brief points out, Mr. Koren mentioned that his, and I quote, Mr. Koren's reference to Federal law is not fleeting. It is prominently stated when he cited to United States v. UNRRA, a case by this Court, which further develops, which further cites two other cases stating that the   case is a recognized defense. Well, the theory, as I understood it, that was at state trial court that they wanted to present was that it was an accidental shooting. It was twofold, Your Honor. Counsel acknowledged that there was a gun involved. Counsel acknowledged that there had been a conflict. Those are two elements, the only elements of exhibiting a firearm. The theory was while Mr. Koren may have been guilty of exhibiting a firearm, he was nonetheless not guilty of assault with a firearm because the circumstances were such that he was not in a location where he could actually exert force upon the other individuals. So I guess the problem that the Attorney General points out is that there's no evidence in the record that an instruction was even requested on that. When the Court comes back on the record, it says that it doesn't see any evidence for a lesser-included offense. It also states that it doesn't see any evidence of a self-defense, and it denies to give those instructions. During the motion for the equivalent of the motion for a directed verdict, counsel challenges the prosecution's evidence concerning the willfulness. He does not challenge whether there was a weapon or whether there was a conflict that ensued. During closing arguments, again, counsel refers to the fact that there was a gun, there was a confrontation, and that the gun had gone off. Had the jury instruction been given, counsel could have pointed out to those to that law so the jury could, in essence, give credence to defendant's theory of the case. I think from the record itself, the fact that the Court, after what it considers a lengthy discussion regarding the jury instructions, makes it a point to say that there wasn't any lesser-included offense. It's an ---- But if under State law, brandishing is not a lesser-included offense for assault, then he wouldn't have been entitled to that instruction anyway, right? But under California law, people v. Wilson and people v. Lee, exhibiting a firearm is a defense to ---- and in those particular cases, it was framed as a lesser-included offense to assault with a firearm. So that dialogue most likely did, in fact, take place. All right. Does anybody have any further questions? No questions here. Thank you. All right. Thank you very much, counsel. Kerner v. Gonzales will be submitted.
judges: Goodwin, Wardlaw, Gould